# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD A. HART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:09-CV-1946 CAS |
| | ) | |
| YI PAN, M.D., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Richard A. Hart's motion to remand this cause of action to state court. Also pending before the Court are defendant Yi Pan, M.D.'s motions to dismiss and for substitution of party. The motions are fully briefed and ripe for review. For the following reasons, the Court will deny plaintiff's motion to remand, and grant defendant Pan's motions to dismiss and for substitution of the United States of America as defendant.

*Background*

On October 21, 2009, plaintiff filed a 16-page petition (hereinafter "Complaint") against defendant Yi Pan, M.D., Tenet HealthSystem SL, Inc., doing business as St. Louis University Hospital ("Tenet"), and Allergan USA Inc. in the Circuit Court of St. Louis City. Plaintiff alleges medical malpractice against defendant Pan and Tenet.[1] He alleges he was treated by defendant Pan for torticollis at St. Louis Veterans Administration Medical Center - John Cochran Division ("VA Hospital"). See Complaint at 3 ¶14. He alleges Dr. Pan injected him with Botox to paralyze the nerves in his neck on August 20 and September 20, 2007, but that she injected him with doses that

---

[1]Plaintiff alleges negligence, defective design, and failure to warn against defendant Allergan USA Inc., the manufacturer of Botox.

exceed the frequency recommendation for the drug. Id. at 4 ¶ ¶15, 18. Plaintiff alleged that the Botox has since spread beyond the site of the injection, and has caused severe and irreparable injury to his body, including paralysis of respiratory muscles, general muscle weakness, blurred vision, difficulty swallowing, and loss of his gag reflex. Id. at 4 ¶21 and 5 ¶25.

On November 25, 2009, defendant Pan removed the above-caption cause of action to this Court pursuant to 28 U.S.C. §§ 1331, 1441, 1442, and 1446, on the basis that she was acting on behalf of the Veteran's Administration, an agency of the United States at the time of the events alleged in plaintiff's Complaint. Defendant Pan also moved to dismiss the action against her on the basis that the claim falls under the Federal Torts Claim Act ("FTCA"), which she states is the exclusive remedy for claims for personal injury against a federal employee acting within the scope of his or her employment. On December 2, 2009, the United States Attorney for the Eastern District of Missouri also filed a motion to dismiss and for substitution on these same grounds. Attached to the government's motion to dismiss is a Certification of Scope of Employment made pursuant to 28 U.S.C. § 2679 (d). The certification states that defendant Pan was an employee of the Department of Veterans Affairs and was acting within the scope of federal employment at the time of the alleged incidents in the Complaint.

In response, plaintiff filed a motion to remand. In his motion, plaintiff asserts Dr. Pan was not a federal employee, but an employee of St. Louis University School of Medicine and/or St. Louis University Hospital. In support of this assertion, plaintiff has attached what appears to be screen-shots from St. Louis University's and St. Louis University Hospital's websites. Plaintiff also attached screen-shots from the VA Hospital website, where, he states, Dr. Pan is not listed as a physician. Plaintiff argues that at the time of the events at issue in this case, Dr. Pan was either in

2

private practice or associated with an organization under contact to provide medical services to the VA Hospital – but in either event she was not a federal employee subject to FTCA. Therefore, he argues, the Court lacks subject matter jurisdiction and the case should be remanded to state court. In response to plaintiff's motion, defendant Pan filed a confirmation letter from the Human Resources Manager at the Department of Veteran Affairs, which states, Yi Pan, M.D., "was employed as a part-time physician at the St. Louis VA Medical Center from February 4, 2002, through November 15, 2009." See Doc. 23, Ex. A.

*Discussion*

In 1988, Congress amended the FTCA to provide that an action against the United States is the only remedy for injuries caused by federal employees acting within the scope of their employment. See 28 U.S.C. § 2679(d)(1); see also Brown v. Armstrong, 949 F.2d 1007, 1013 (8th Cir. 1991). When a federal employee is sued in a state court, the Attorney General is to review the case to determine if the employee was acting within the scope of his or her employment when he or she engaged in the allegedly harmful conduct. 28 U.S.C. § 2679(d)(1). If the Attorney General determines that the defendant employee was acting within the scope of his or her employment, the case "shall be removed" to the United States District Court where the action is pending. § 2679(d)(1); see also Gutierrez de Martinez v. Lamagno, 115 S. Ct. 2227, 2236 (1995); Anthony v. Runyon, 76 F.3d 210, 213 (8th Cir. 1996); Henton v. Anderson, 75 F.3d 357, 359-60 (8th Cir. 1996); Forrest City Mach. Works, Inc. v. United States, 953 F.2d 1086 (8th Cir. 1992). The statute further provides that any such action "shall be deemed" to be an action against the United States, which "shall be substituted as the party defendant." § 2679(d)(1).

Here, the United States Attorney, who is a designate of the Attorney General, filed a certification that defendant Yi Pan, M.D., was a federal employee acting in the course and scope of her employment at the time of the incidents alleged in plaintiff's Complaint. This certification is treated as prima facie evidence that the employee was acting within the scope and course of her employment. See Gutierrez de Martinez, 115 S. Ct. at 2236; Anthony, 76 F.3d at 213; Brown, 949 F.2d at 1012. Following the filing of a certification, the burden shifts to plaintiff, who must come forward "with specific facts rebutting the government's scope of employment certification." Brown, 949 F.2d at 1012.

Plaintiff has not met his burden. In response to the government's certification, plaintiff submits undated and chronologically irrelevant website materials in support of his assertion that defendant Pan was not a federal employee. More specifically, he argues a screen-shot from the VA Hospital's website, which does not list Dr. Pan as a physician at the hospital, is evidence Dr. Pan was not an employee of the federal government. The screen-shot, however, is dated more than two years after the events that allegedly occurred in the Complaint. The Court finds this evidence does nothing to rebut the government's certification. The other evidence plaintiff offers are two undated screen-shots from St. Louis University's and St. Louis University Hospital's websites, both of which list Dr. Pan on staff. This evidence is equally unpersuasive. There is nothing to indicate the information on these websites is accurate as to the dates at issue in this case. Furthermore, the fact Dr. Pan is or may have been employed with St. Louis University and/or St. Louis University Hospital does not preclude her from being employed at the VA Hospital. What is more, defendant Pan has submitted a letter from the Human Resources Manager at the VA Hospital stating she was

a part-time employee during the time period the events in the Complaint are alleged to have taken place.

After reviewing the memoranda in support and opposition to the motions to remand and to dismiss and the exhibits attached thereto, the Court finds plaintiff has failed to rebut the government's certification that defendant Pan was federal employee acting in the course and scope of her employment at the time of the incidents alleged in plaintiff's Complaint. As such, defendant Yi Pan, M.D., is entitled to immunity with regard to plaintiff's state law tort claims. Section 2679 requires that the case be heard in federal court, and that the United States be substituted as the party defendant in place of Yi Pan, M.D. 28 U.S.C. § 2679(d)(1).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Richard A. Hart's motion to remand is **DENIED.** [Doc. 13]

**IT IS FURTHER ORDERED** that plaintiff Richard A. Hart's motion to stay all motions until the Court rules on the motion to remand is **DENIED** as moot. [Doc. 17]

**IT IS FURTHER ORDERED** that defendant Yi Pan, M.D.'s motions to dismiss and for substitution of the United States of America as Defendant are **GRANTED.** [Docs. 3 and 8]

**IT IS FURTHER ORDERED** that defendant Yi Pan, M.D.'s motion to dismiss for plaintiff's failure to file an affidavit is **DENIED** as moot. [Doc. 29]

**IT IS FURTHER ORDERED** that the Clerk of Court shall substitute the United States of America for defendant Yi Pan, M.D., and the caption of the case shall be <u>Richard A. Hart v. United States of America, Tenet Healthsystem SL, Inc., d/b/a St. Louis University Hospital, and Allergan USA Inc.</u>

**IT IS FURTHERED ORDERED** that defendant United States of America shall answer or otherwise respond to plaintiff's Complaint within thirty (30) days of the date of this Memorandum and Order.

　　　　　　　　　　　　　　　　　　　　　/s/ Charles A. Shaw
　　　　　　　　　　　　　　　　　　　　　**CHARLES A. SHAW**
　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

Dated this __17th__ day of May, 2010.