**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| RICHARD A. HART, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:09-CV-1946 CAS |
| ) | |
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on defendant Tenet HealthSystem SL, Inc. d/b/a/ Saint Louis University Hospitals's (herein referred to as "Tenet") motion to dismiss for failure to state a claim.[1] In the alternative, Tenet moves that the Court order plaintiff to plead his complaint with more particularity.[2] Plaintiff did not oppose the motions. For the following reasons, the Court will grant Tenet's motion to dismiss.

### *Background*

Plaintiff filed a state court petition (hereinafter "Complaint") against Yi Pan, M.D., Tenet, and Allergan USA Inc. He alleges medical malpractice against Dr. Pan and Tenet.[3] More specifically, he maintains he was treated by Dr. Pan for torticollis at the St. Louis Veterans' Administration Medical

---

[1]Tenet states that it brings its motion pursuant to Missouri Rule of Civil Procedure 55.27(a)(6). This case, however, is pending in federal court and the Federal Rules of Civil Procedure apply. The Court construes Tenet's motion as one made pursuant to Rule 12(b)(6).

[2]Again, Tenet cites to the Missouri Rules of Civil Procedure as the authority upon which its motion is based. The Court will construe the motion for more definite statement as one made pursuant to Federal Rule of Civil Procedure 12(e).

[3]Plaintiff alleges negligence, defective design, and failure to warn against defendant Allergan USA Inc., the manufacturer of Botox.

Center - John Cochran Division, where Dr. Pan injected him with dosages of Botox that exceeded the frequency recommendation for the drug. Plaintiff alleges that the Botox has since spread beyond the site of the injection, and has caused severe and irreparable injury to his body. In regard to Tenet, plaintiff bases his theory of liability on the doctrine of agency. He alleges "[a]t all times relevant, Dr. Pan was acting as the actual and/or apparent agent of defendant Tenet." Doc. 5 at 2 ¶ 7.

Dr. Pan removed the state court action to this Court pursuant to 28 U.S.C. §§ 1331, 1441, 1442, and 1446, on the basis that she was acting on behalf of the Department of Veterans' Affairs ("VA"), an agency of the United States, at the time of the events alleged in plaintiff's Complaint. Dr. Pan also moved to dismiss the action against her on the basis that the claim fell under the Federal Torts Claim Act ("FTCA"), which she argued is the exclusive remedy for claims for personal injury against a federal employee acting within the scope of his or her employment. On December 2, 2009, the United States Attorney for the Eastern District of Missouri also filed a motion to dismiss and for substitution on these same grounds. Attached to the government's motion to dismiss was a Certification of Scope of Employment made pursuant to 28 U.S.C. § 2679 (d). The certification states that Dr. Pan was an employee of the VA and was acting within the scope of federal employment at the time of the alleged incidents in the Complaint.

Plaintiff opposed Dr. Pan's and the government's motions to dismiss. He also filed a motion to remand. Plaintiff argued Dr. Pan was not a federal employee, but rather was an employee of St. Louis University School of Medicine and/or St. Louis University Hospital – in other words a Tenet employee.

On May 17, 2010, this Court held the government's certification was controlling, and the Court found that plaintiff had failed to meet his burden and come forward with specific facts rebutting

2

the government's certification. See Doc. 31. The Court also found that Dr. Pan was entitled to immunity with regard to plaintiff's state law tort claims and ordered, pursuant to 28 U.S.C. § 2679(d)(1), that the United States be substituted as the party defendant in place of Dr. Pan.

Prior to the Court's May 17, 2010 ruling, defendant Tenet filed a motion to dismiss, or in the alternative a motion for more definite statement – the motions presently before the Court. In its motions, defendant Tenet argues plaintiff has failed to state a claim against it because he has not adequately alleged facts to support his theory of agency liability as to Tenet. More specifically, plaintiff has not alleged in his Complaint that Dr. Pan was an employee of Tenet. Plaintiff did not respond to defendant Tenet's motions, but rather argued the motions should be stayed pending the Court's ruling on his motion to remand. One day following the denial of plaintiff's motion to remand, the Court ordered plaintiff to file a response to Tenet's motion to dismiss, or in the alternative, for a more definite statement. See Doc. 32. Plaintiff failed to comply with the Court's Order, and the motions are unopposed.

## *Discussion*

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff need not provide specific facts in support of its allegations, Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam), but "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." Schaaf v. Residential Funding Corp.,

517 F.3d 544, 549 (8th Cir.), cert. denied, 129 S. Ct. 222 (2008) (citing Twombly, 550 U.S. at 555 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." Id. at 562 (quoted case omitted). This standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." Id. at 556.

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," id. at 556, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. Twombly, 550 U.S. at 555-56; Fed. R. Civ. P. 8(a)(2). Materials attached to the complaint as exhibits may be considered in construing the sufficiency of the complaint. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986).

Here, the Complaint contains insufficient factual allegations to support a claim against Tenet. Plaintiff merely labels Dr. Pan an agent of Tenet without providing factual information to support a claim for medical malpractice based on agency. In his Complaint, plaintiff does not adequately allege Dr. Pan was an employee of Tenet.[4] Plaintiff also does not allege Dr. Pan was working in a Tenet facility, that she was acting under the direction of Tenet, or that she was being paid by Tenet. As Tenet notes in its motion, it cannot be held liable under Missouri medical malpractice law for the

---

[4]Plaintiff argued in his motion to remand and memoranda in opposition to the government's and Dr. Pan's motions to dismiss that Dr. Pan was an employee of Tenet. This allegation was not sufficiently set forth in the Complaint. Furthermore, the Court, however, found Dr. Pan was entitled to immunity pursuant to 28 U.S.C. 2679(d)(1), because she was properly certified to be a VA employee acting within the scope of her employment at the time of the incidents alleged in the Complaint.

actions of any individual who is not its employee. Mo. Rev. Stat. §532.210.2(3) ("[n]o individual or entity whose liability is limited by the provisions of this chapter shall be liable to any plaintiff based on the actions or omissions of any other entity or person who is not an employee of such individual or entity whose liability is limited by the provisions of this chapter."). Plaintiff has failed to sufficiently allege an agency relationship between Dr. Pan and Tenet such that he would be entitled to relief against Tenet under Missouri law. Furthermore, Dr. Pan has been certified as an employee of the VA, not Tenet, for the time period relevant to the Complaint. Finally, there are no other sufficiently specific allegations in the Complaint that plaintiff was seen or treated by any Tenet employee, servant or agent.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Tenet HealthSystem SL, Inc.'s motion to dismiss is **GRANTED**, and Defendant Tenet HealthSystem SL, Inc.'s motion, in the alternative, for a more definite statement is **DENIED** as moot. [Doc. 7]

*/s/ Charles A. Shaw*
_____
**CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE**

Dated this 8th day of July, 2010.

5