UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICHARD A. HART,                           )<br>                                                         )<br>       Plaintiff,                               )<br>                                                         )    No. 4:09-CV-1946 CAS<br>   v.                                               )<br>                                                         )<br>UNITED STATES OF AMERICA, et al.,   )<br>                                                         )<br>       Defendants.                          ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant United States of America's bill of costs. The government filed a bill of costs seeking a total of $4,008.96 in costs. Plaintiff opposed the bill of costs and argued that defendant is not entitled to recover the costs of videotaped depositions that were not used at trial. Plaintiff argues the Court should only allow $3,493.21 in recoverable costs. The government filed a reply memorandum in which it stated that it does not agree with plaintiff's argument, but it agrees to withdraw the costs of videotaped depositions that were not used at trial.

It is presumed that a prevailing party is entitled to costs. See Federal Rule of Civil Procedure 54(d); Bathke v. Casey's General Stores, Inc., 64 F.3d 340, 347 (8th Cir. 1995). "When an expense is taxable as a cost, . . . there is a strong presumption that a prevailing party shall recover it in full measure." Concord Boat Corp. v. Brunswick Corp., 309 F.3d 494, 498 (8th Cir. 2002) (internal quotation omitted). "The losing party bears the burden of making the showing that an award is inequitable under the circumstances." Id. (internal citation and quotation omitted). Allowable costs, however, are generally limited to the categories set forth in 28 U.S.C. § 1920. Expenses not on the statutory list must be borne by the party incurring them. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442-43 (1987). Pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C.

§ 1920, the Court must carefully scrutinize the claimed costs and the support offered for them. Farmer v. Arabian Am. Oil Co., 379 U.S. 227, 232-33, 235 (1964); Alexander v. National Farmers Org., 696 F.2d 1210, 1212 (8th Cir. 1982); Davis v. Parratt, 608 F.2d 717, 718 (8th Cir. 1979).

Here, the government has requested two categories of costs: deposition costs and court reporter fees for transcripts. As plaintiff does not object to the amount of these cost – that is, once defendant agreed to subtract the costs of the videotaped depositions of plaintiff and his wife – the Court will direct the Clerk of the Court to tax the following costs against plaintiff and in favor of the government:

| | |
|---|---|
| Deposition Costs | $2,398.21 |
| Transcript Fees | 1,095.00 |
| TOTAL TAXABLE COSTS | $3,493.21 |

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of the Court shall tax costs of this matter in favor of defendant United States of America in the amount of Three Thousand Four Hundred Ninety-Three Dollars and Twenty-One Cents ($3,493.21) [Doc. 107]

                                                 _____
                                                 **CHARLES A. SHAW**
                                                 **UNITED STATES DISTRICT JUDGE**

Dated this 15th day of November, 2012.